UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No. 8:24-cr-507-VMC-NHA

ANTONIO CARLOS LAGREERA

_____/

## ORDER

This matter comes before the Court pursuant to the Government's "Motion for Pretrial Admission of Business Records and Notice of Filing Declarations of Authentication of Same," filed on February 20, 2026. (Doc. # 125). Defendant Antonio Carlos Lagreera did not respond to the Motion. For the reasons that follow, the Motion is granted.

## Discussion

On January 8, 2025, a superseding indictment charged Mr. Lagreera with drug trafficking conspiracy, possession with intent to distribute controlled substances, possession of a firearm by a convicted felon, and possession of a firearm in furtherance of a drug trafficking crime. (Doc. # 41). On January 15, 2025, Mr. Lagreera pled not guilty. (Doc. # 52).

Pursuant to Rules 803(6) and 902(11) of the Federal Rules of Evidence, the Government seeks to admit evidence of certain business records obtained from (1) Tampa Electric Company,

1

(2) AAA Key Mini Storage, and (3) Ring.com, LLC. (Doc. # 125).

Attached to the Government's Motion are four declarations of

authentication made by individuals at these businesses. (Doc.

## 125-1, 125-2, 125-3, 125-4). Mr. Lagreera has not responded

to the Motion, which the Court deems unopposed.

Rule 803(6) allows admission of business records if:

(A) the record was made at or near the time by — or
from information transmitted by — someone with
knowledge;

(B) the record was kept in the course of a regularly
conducted activity of a business, organization,
occupation, or calling, whether or not for profit;

(C) making the record was a regular practice of
that activity;

(D) all these conditions are shown by the testimony
of the custodian or another qualified witness, or
by a certification that complies with Rule 902(11)
or (12) or with a statute permitting certification;
and

(E) the opponent does not show that the source of
information or the method or circumstances of
preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6). In turn, "Rule 902(11) permits a party

to authenticate business records with a written declaration

of a records custodian or other qualified person, as long as

the party provides notice of intention to the adverse party,

and makes the record and declaration available for inspection

sufficiently in advance of their offer into evidence." United States v. Lezcano, 296 Fed. App'x 800, 807-08 (11th Cir. 2008). The Eleventh Circuit has held that "the touchstone of admissibility under Rule 803(6) is reliability, and a trial judge has broad discretion to determine the admissibility of such evidence." United States v. Arias-Izquierdo, 449 F.3d 1168, 1183 (11th Cir. 2006) (quoting United States v. Bueno-Sierra, 99 F.3d 375, 378-79 (11th Cir. 1996)).

In the instant Motion, the Government provided notice that it intends to offer the business records into evidence at trial. (Doc. # 125 at 1). The Government also represents that these records have been provided to the defense as part of discovery. (Id.). Finally, the Government has submitted written declarations to authenticate the records. (Doc. ## 125-1, 125-2, 125-3, 125-4).

The Tampa Electric Company declarations, made by Jaimillie Gray and Kim Orlando, indicate that the records at issue are billing and payment records. (Doc. ## 125-1, 125-2). The AAA Key Mini Storage declaration, made by Andy Grantham, indicates that the records at issue consist of a rental agreement, an identification document, notes on account, gate entry times and dates, billing history for Mr. Lagreera, and a guest folio. (Doc. # 125-3). Each of these

3

declarations state that (1) the declarations are made by a records custodian or otherwise qualified person, (2) that the records were made at or near the time of the occurrence of the matters set forth in the records by a person with knowledge of those matters or from information transmitted by a person with knowledge of those matters, (3) that the records were kept in the course of a regularly conducted activity, and (4) that the records were made by the regularly conducted activity as a regular practice. (Doc. ## 125-1, 125-2, 125-3).

The Ring.com, LLC declaration, made by Lydia Trimble, does not specify the precise nature of the records and instead refers to them generally as "documents." (Doc. # 125-4). The declaration also does not expressly state that Ms. Trimble is a records custodian, but it indicates that she is employed by Ring as a Law Enforcement Response Specialist and that the declaration is based on her personal knowledge. (Id.). The declaration further states that the records are (1) kept in the ordinary course of business, (2) created at or near the time of the transactions or events reflected therein, and (3) kept as part of a regular business activity. (Id.).

Based on these representations and declarations, the Court finds that the Government has satisfied the

4

requirements of Rules 803(6) and 902(11). Accordingly, the Tampa Electric Company, AAA Key Mini Storage, and Ring.com, LLC records identified in the Government's Motion qualify as business records and are admissible, subject to a determination at trial that the records are relevant.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

The Government's "Motion for Pretrial Admission of Business Records and Notice of Filing Declarations of Authentication of Same" (Doc. # 125) is **GRANTED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 12th day of March, 2026.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

5